```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 TERRENCE SUMPTER,

                  Plaintiff,             MEMORANDUM & ORDER
                                         24-CV-2303 (EK)(ARL)

         -against-

 JASON BASSETT and ANTHONY SENFT,

                  Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Terrence Sumpter (the plaintiff here) is a defendant in two criminal cases currently pending in Suffolk Supreme Court. *See* Suffolk County Indict. Nos. 72659-23/002, 70035-24/001. He brings this action pursuant to 42 U.S.C. § 1983 against Jason Bassett, his assigned public defender in the state cases, and Suffolk Supreme Court Justice Anthony Senft. Sumpter is asking this Court to assign him new defense counsel in his ongoing criminal case. Proceeding *pro se*, Sumpter has moved for *in forma pauperis* (IFP) status pursuant to 28 U.S.C. § 1915. That request is granted. For the reasons set out below, however, the complaint is dismissed.

        Sumpter alleges that Bassett, his assigned public defender, has not provided him with "copies of all discovery," Complaint at 4, ECF No. 1, and that "the court is refusing to reassign effective counsel unless I pay for one, which I may not

be able to afford." *Id.* He therefore requests that this Court assign him new counsel "who will keep [him] informed of the progress of [his] criminal case." *Id.* at 5.

Sumpter's claims are barred by *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* preclude[s] federal intrusion into ongoing state criminal prosecutions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). Under *Younger*, "a federal court should abstain unless state law clearly bars the interposition of the constitutional claims" brought by the plaintiff in federal court. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "[T]he . . . pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims." *Moore v. Sims*, 442 U.S. 415, 426 (1979).

Thus, a federal district court may not intervene in a state criminal prosecution absent a showing of "extraordinary circumstances" that "render the state court incapable of fairly and fully adjudicating the federal issues before it" and create "an extraordinarily pressing need for immediate federal equitable relief." *Id.* at 124-25. And "it is the plaintiff's burden to demonstrate that state remedies are inadequate." *Spargo v. New York State Comm'n on Jud. Conduct*, 351 F.3d 65, 78 (2d Cir. 2003). Here, Sumpter has not carried that burden. *See, e.g., DeFreitas v. Toulon*, Nos. 23-CV-5933, 24-CV-2368, 24-

2

CV-2918, 24-CV-3394, 2024 WL 3392859, at *12 (E.D.N.Y. July 7, 2024) (abstaining from review of request to appoint new counsel in pending state prosecution).  As Judge Choudhury noted in *DeFreitas*, a state criminal defendant will have an adequate opportunity for judicial review of any ineffective assistance claim in the state Supreme Court, and then again before the Appellate Division if his motion to the trial judge is denied.  *See id.*

Accordingly, the complaint is dismissed for lack of jurisdiction.  28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 100 n.3 (1998) (noting that the Supreme Court has treated "*Younger* abstention . . . as jurisdictional.").  The Court declines leave to amend as amendment would be futile.  *Grullon v. County of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).[1]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that no appeal from this Order would be taken in good faith.

---

[1] Even if *Younger* did not bar relief, Sumpter's claims would fail.  He cannot bring suit against a public defender under Section 1983 because that section applies exclusively to state action, and a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  And his claim against Justice Senft is barred by statutory judicial immunity.  Section 1983 provides that in "any action brought against a judicial officer for any act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  As such, where a plaintiff "alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief," their claim for injunctive relief pursuant to Section 1983 against a judicial officer is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).  Sumpter alleges neither here.

Therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, mark this case closed and mail a copy of this Memorandum and Order to plaintiff and note service on the docket.

SO ORDERED.

                                                     /s/ Eric Komitee  
                                              ERIC KOMITEE  
                                              United States District Judge

Dated:    August 26, 2024  
           Brooklyn, New York